UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HERACLIO MORENO,

        Plaintiff,

CASE NO.:

vs.

AMS INC., a Florida Profit Corporation, and
JOHN E. MURRAY, Individually,

        Defendants._____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, HERACLIO MORENO, ("Plaintiff"), hereby files this Complaint against Defendant, AMS INC., ("AMS"), a Florida Profit Corporation, and JOHN E. MURRAY, Individually ("MURRAY") (collectively "Defendants"), and states as follows:

**JURISDICTION**

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.    Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district.

## PARTIES

4. At all times material to this action, Plaintiff was a resident of Polk County, Florida.

5. At all times material to this action, Defendant AMS, INC. was, and continues to be, engaged in business in Florida, doing business in Broward County.

6. Upon information and belief, at all times material to this action, Defendant MURRAY, was and continues to be a resident of Broward County, Florida.

7. At all times material to this action, Defendant MURRAY acted as an owner and/or operator of AMS and regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of AMS.

8. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of AMS; (b) determine the work schedules for the employees of AMS; and (c) control the finances and operations of AMS, Defendant, MURRAY, is an employer as defined by 29 U.S.C. §201 *et. seq.*

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

12. At all times material to this action, AMS was, and continues to be an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been

moved in or produced for commerce by any person" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant AMS was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

14. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, telephones, and materials used in roofing services.

15. At all times material hereto, the work performed by the Plaintiff, and those similarly situated, was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

16. Beginning in or about December 2002, and continuing through May 2019, Defendants employed Plaintiff as a non-exempt, piece rate paid employee, working at Defendants' company.

17. Plaintiff's duties included going to the shop every day to clean and load the truck, installing roofing projects, and throwing trash away.

18. Plaintiff was paid a piece rate.

19. Plaintiff worked for Defendants in excess of forty (40) hours within one or more workweeks.

20. From the beginning of his employment through May 2019, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

21. Plaintiff was paid only his regular rate, with no overtime premiums, for overtime hours.

22. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

23. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

24. Defendants have violated Title 29 U.S.C. § 207 from at least December 2002 to May 2019, in that:[1]

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks during their periods of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

25. Upon information and belief, Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or should have known with reasonable diligence, that payment of overtime premiums for all hours over forty (40) worked in each workweek was required.

26. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

---

[1] Plaintiff can only recover for the three year period preceding this lawsuit. However, Defendants have violated the law throughout his employment.

4

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff re-alleges paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28. From the beginning of his employment through May 2019, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

30. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

31. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

32. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 14th day of October, 2019.

                                              Respectfully submitted,

                                              /s/ Angeli Murthy

                                              Angeli Murthy, Esquire
                                              FL Bar No.: 088758
                                              MORGAN & MORGAN, P.A.
                                              8151 Peters Rd, 4th Floor
                                              Plantation, FL 33324
                                              Tel: 954-318-0268
                                              Fax: 954-327-3016
                                              E-mail: Amurthy@forthepeople.com
                                              *Trial Counsel for Plaintiff*